E. E. Mason, Inc. *vs.* Otto Green *d.b.a.* Universal Motors.

JULY 22, 1959.

Present: Condon, C. J., Roberts, Paolino and Powers, JJ.

Paolino, J. This is an action of assumpsit to recover from the defendant a certain sum of money on book ac-

count. While the case was pending on appeal in the superior court the plaintiff issued a writ of mesne process attaching the personal estate of the defendant in the hands and possession of the New England Insurance Company. The case is before us on the plaintiff's single exception to the decision of the trial justice granting the garnishee's motion that it be discharged as garnishee.

The writ of mesne process was served on the insurance company on October 8, 1958. A garnishee's affidavit was timely filed by said insurance company setting forth that it had no personal estate in its hands and possession belonging to defendant at the time of the service of such writ. On November 25, 1958 defendant was defaulted, and thereafter on December 5, 1958 the trial justice rendered a decision for plaintiff for $541.70 and costs. On that same day he heard the parties on plaintiff's motion to charge the garnishee and on the insurance company's motion asking that it be discharged. The mortgagees of defendant's real estate on which the insured had issued a policy were permitted to intervene under the provisions of general laws 1956, §10-17-19.

The following pertinent facts were presented at such hearing. The defendant Otto Green, his wife Daisy Green, and their daughter Odessie Green Lomba were co-owners of certain real estate in the town of Glocester, in this state. In 1956 the insurance company issued a fire insurance policy on the property to defendant and his wife in the amount of $4,000. No other payees were named in the policy. In 1957 defendant, his wife, and their daughter Odessie encumbered said property with a first mortgage to one Frederick J. Chausse and a second mortgage to New England Investment Plan, Inc. The names of such mortgagees were never added to the aforesaid policy. Sometime thereafter in 1958, while the policy was in force, the insured premises were damaged by fire. As a result thereof the insurance company became obligated under the policy to pay the

defendant and his wife the full amount of the coverage, $4,000. The plaintiff concedes that the amount due the first mortgagee under his mortgage exceeds the amount of the loss payable to defendant and his wife under the policy.

There is evidence in the record that the assured informed the insurance company that the mortgagees were claiming the proceeds from the policy under the terms of their mortgages. In any event, on May 20, 1958, defendant, his wife, and their daughter Odessie executed and delivered to the insurance company a proof of loss in the amount of $4,000 and designated therein the two mortgagees and their daughter Odessie as loss payees. On the same day defendant, his wife, and their daughter authorized and directed the insurance company to pay a certain sum of the proceeds of the policy to plaintiff and to place the name of plaintiff, or Elmer E. Mason, on the payment draft as an attaching creditor. Thereafter on May 27, 1958 the insurance company, in accordance with the proof of loss and the aforementioned authorization, issued its negotiable draft in the sum of $4,000 payable to defendant, his wife, their daughter, E. E. Mason, Inc., Elmer E. Mason, Frederick J. Chausse, and New England Investment Plan, Inc. The insurance company delivered the draft to the assured's broker.

In the garnishee's affidavit, in addition to its statement that it had no personal estate belonging to defendant at the time of the service of the writ of mesne process, the insurance company also set forth the above-mentioned facts relative to the issuance of the draft. The affidavit also included a statement that as of the date of the service of the garnishment the draft was still outstanding. The plaintiff's testimony that it has not received the draft for endorsement is undisputed. Although the mortgages are not in evidence, plaintiff concedes that they are in existence and are recorded and undischarged. It is undisputed that the payment draft is a negotiable instrument.

On the basis of such record the trial justice granted the insurance company's motion and discharged it as garnishee. The plaintiff contends that such ruling is erroneous. After careful consideration we have concluded that it is not necessary in this proceeding to consider plaintiff's contention relative to the question of priority between plaintiff and the two mortgagees, or its contention that there is no evidence to support the findings of the trial justice that the mortgagor agreed by the terms of the mortgages to protect the mortgagees by insurance.

In our opinion the controlling issue is whether there was any personal estate of the defendant in the hands and possession of the insurance company at the time it was served with the writ of mesne process. It is clear from the evidence that as a result of the fire loss the insurance company became indebted to defendant and his wife in the sum of $4,000; that on May 27, 1958, several months before the garnishment in question was served on it, the insurance company issued a negotiable instrument for the full amount owed to the assured and payable to the defendant and his wife and also to the other payees whose names appear thereon; and that it delivered said draft to the agent of the assured.

This was payment of the debt owed by the insurance company to the defendant and unquestionably there was consideration for the issuance of the same. The draft for $4,000 constituted an equitable assignment of the money owed by the insurance company to the defendant. The fact that the draft was still outstanding at the time of the service of the writ of mesne process is of no consequence. In such circumstances the trial justice did not err in finding that there was no personal estate of the defendant in the hands and possession of the insurance company at the time of such service which was subject to garnishment by the plaintiff. For these reasons the insurance company was

entitled to a discharge. The instant case is governed by the decision of this court in *Lee* v. *Robinson,* 15 R. I. 369.

The plaintiff's exception is overruled, and the case is remitted to the superior court for further proceedings.

*Aram K. Berberian,* for plaintiff.

*Thomas J. Kane,* for first mortgagee.

*Higgins & Slattery, Eugene V. Higgins,* for garnishee.

*Factor, Chernick & Hillman, Abraham Factor, William C. Hillman,* for intervenor.