HERBERT G. FAIRFIELD *et al. vs.* SACCO STONE & ASPHALT Co.

NOVEMBER 7, 1960.

PRESENT: Condon, C. J., Roberts, Paolino and Powers, JJ.

POWERS, J. This is an action of assumpsit which was tried before a justice of the superior court sitting without a jury and resulted in a decision for the plaintiffs in the sum of $9,821.01. Thereafter the plaintiffs moved to charge the garnishee, Industrial Trust Company, now Industrial National Bank, and after a hearing thereon the trial justice granted such motion but charged said garnishee only in the sum of $25.97. The case is here on the plaintiffs' bill of exceptions to that decision.

The record discloses that defendant was the owner of an asphalt plant located in Cumberland, Rhode Island; that the plant and a stone crusher were mortgaged to the garnishee by separate instruments; that as a result of a fire on June 25, 1947 at the plant, five checks totaling $9,413.64 were drawn by several insurance companies in settlement of the loss; and that all checks were made payable to defendant and the above-named garnishee as mortgagee, as the latter's interest might appear, or in words of like effect.

The record further discloses that although the amount received in settlement was for the damage occurring to the plant, the stone crusher not having been damaged, nevertheless the mortgagee applied the proceeds from the checks in satisfaction of both mortgages. It did so by virtue of an alleged oral assignment by defendant. Although the questions of whether or not the assignment existed or was valid were argued and briefed in support of plaintiffs' exceptions to the decision of the trial justice, we do not deem it necessary to consider those questions in view of our conclusion.

The evidence reveals that plaintiffs are insurance agents or brokers to whom defendant corporation was indebted in the sum of $9,821.01; that the checks in question were delivered at 11:37 a.m. on September 18, 1947 by plaintiffs' counsel to the bank upon its demand as mortgagee; and that three minutes later the bank was served with the writ attaching the personal estate of defendant in its hands and possession as provided by general laws 1938, chapter 550.

It appears that the affidavit filed by the garnishee disclosed the sum of $25.97 as constituting all of the personal estate of defendant in its hands and possession at the time the writ was served. The $25.97 represented the aggregate balance of two accounts of defendant and was independent of any interest defendant may have had in the checks. The garnishee, contending that defendant had no equity in the checks, did not refer to them in its affidavit. It relies principally on the rule set forth in *Hanaford* v. *Hawkins*, 18 R. I. 432, at page 435, that "where one holds a promissory note, bank check, or *chose in action,* belonging to a defendant, he cannot be charged for the same on trustee process; because these are not money and may never be paid. But if a check or note be held and treated as cash, so that a debt is absolutely due from a trustee to a defendant on account thereof, whether the note or check be good

.or not, the garnishee should be charged. *Hancock* v. *Colyer,* 99 Mass. 187. This is a question of fact, and, so far as the facts are disclosed in the record, the refusal of the court to charge the garnishees upon this check was correct." It is our opinion that the position of the garnishee is well taken.

The plaintiffs argue that this court should take judicial notice of the fact that payment by check is a far more common experience in commerce than it was at the time the *Hanaford* case was decided. Even conceding this to be so, the reasoning of this court in the *Hanaford* case remains sound. The checks in the instant case were payable to defendant by the insurance companies which drew them, but actual payment might never be realized even though the likelihood of nonpayment could be demonstrated as being more remote in modern commerce than heretofore.

The plaintiffs further contend, however, that in *E. E. Mason, Inc.* v. *Green,* 89 R. I. 479, 153 A.2d 539, which they point out is subsequent to the *Hanaford* case, the above-quoted rule has been materially affected. The plaintiffs fail to recognize that the *Green* case was "governed by the decision of this court in *Lee* v. *Robinson,* 15 R. I. 369." Not only was the *Lee* decision prior to the *Hanaford* decision, but it was rendered by four of the same justices concurring in *Hanaford.* A further distinction between the *Green* and *Hanaford* cases is to be found by comparing the situations of the respective garnishees. In the *Green* case, the garnishee was the drawer of the check and had treated delivery thereof as payment out of its hands of funds owing to the defendant. In the *Hanaford* case, the garnishees were holding checks which not only might never be paid but were not being treated as debts owing to the defendant.

The plaintiffs' exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Higgins & Cavanagh, Joseph V. Cavanagh, Harold E. Adams, Jr.,* for plaintiffs.

*Hinckley, Allen, Salisbury & Parsons, Matthew W. Goring,* for garnishee Industrial Trust Company.