SPRINGFIELD ACCEPTANCE COMPANY *vs.* DENNIS J.
LAROUNIS & another.

Hampden.    September 19, 1940. — October 30, 1940.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Estoppel. Practice, Civil,* Default. *Trustee Process. Mortgage,* Of personal property: attachment of mortgaged property.

A mortgagee of an automobile, who had been defaulted for failure to appear after being summoned as trustee under § 79 of G. L. (Ter. Ed.) c. 223, in an action against the mortgagor in which the automobile was attached, had no standing to maintain an action of replevin against the purchaser at a sale of the automobile upon a levy of execution in the previous action.

REPLEVIN.    Writ in the District Court of Springfield dated September 16, 1939.

The action was heard by *Collins,* J., upon an agreed statement of facts.    The first, third and fifth requests of the plaintiff for rulings were as follows: "1. That the plaintiff, being the holder and owner of a first mortgage upon the subject matter of the property named in the replevin action, which mortgage was in default at the time this action was brought, was and is entitled to immediate possession of the property."    "3. That in the action at law, under [G. L. (Ter. Ed.) ] c. 223, §§ 79–81, where a person is named as trustee, thereafter appears and answers, and the plaintiff in said action is not satisfied with the answer of the trustee, the plaintiff may propound written interrogatories to the trustee and upon the answer and the facts disclosed in the interrogatories the court can make an order."    "5. The default of the trustee mortgagee, and the entry of judgment against it, did not deprive it of its rights under its mortgage."

*C. S. Ballard,* for the plaintiff.

*L. J. Gordon,* for the defendants, submitted a brief.

RONAN, J.    The plaintiff held a mortgage upon an automobile owned by one Blair.    In an action by the present

defendant Roberts and another against Blair, in which the plaintiff was summoned as trustee in accordance with the provisions of G. L. (Ter. Ed.) c. 223, § 79, the automobile was attached after written consent to make such attachment was given by the judge of the court in which the action had been commenced. G. L. (Ter. Ed.) c. 223, § 44A, inserted by St. 1937, c. 295, § 2. Service was made in that action upon Blair and upon the present plaintiff as trustee. The latter knew at the time of service upon it that the automobile had been attached. Both the principal defendant and the trustee in that action failed to appear, and judgments after defaults were entered against them. The automobile was sold to the present defendant Larounis, who purchased for Roberts at public auction upon a levy of the execution that issued upon the judgment. Blair and a representative of the plaintiff attended the public auction. The plaintiff then brought the present action of replevin against Larounis and Roberts. There was a finding for the defendants. The report was ordered dismissed by the Appellate Division.

The judge denied the first, third and fifth requests in so far as they were at variance with a finding and ruling made by him, to the effect that the plaintiff's rights, as mortgagee in the mortgaged property, were concluded by its failure to appear and answer and by permitting a default to be entered against it in the action in which it, as mortgagee, had been summoned as trustee.

There was no error in the refusal to grant the first request because the plaintiff was not entitled to immediate possession of the automobile. The third request could not be given as it was not supported by the agreed statement upon which the case was tried. The denial of the fifth request, to the effect that the default of the plaintiff as trustee mortgagee and the entry of judgment did not deprive it of its rights under its mortgage, was right. It was said by Morton, C.J., in *Goulding* v. *Hair*, 133 Mass. 78, at page 81, that "If the mortgagee fails to appear and is defaulted, he is estopped to set up the validity of his mortgage, and cannot maintain an action against the attaching officer

for a conversion of the mortgaged property by a levy of the execution thereon. *Flanagan* v. *Cutler*, 121 Mass. 96." When an attachment of mortgaged personalty is made by attaching the property as unencumbered and summoning the mortgagee as trustee of the mortgagor, then all questions concerning the validity of the mortgage and the interest of the mortgagee are to be determined in that action. *Martin* v. *Bayley*, 1 Allen, 381. *McDonald* v. *Faulkner*, 154 Mass. 34. *Shapiro* v. *Park Trust Co.* 253 Mass. 383. It was the duty of the present plaintiff as mortgagee to assert its rights in the property under its mortgage, and it is now precluded by the judgment following its default to assert such rights in the present action. In none of the cases upon which the plaintiff relies did the trustee mortgagee fail to appear or to be heard.

*Order dismissing report affirmed.*