468 P.2d 925

**Louis A. SACKIN, Garnishee-trustee, Appellant,**

v.

**Robert E. KERSTING, Appellee.**

**No. 9807–PR.**

Supreme Court of Arizona,
In Banc.

May 4, 1970.

———◆———

Lewis, Roca, Beauchamp & Linton, by John P. Frank, John C. Hover, James Moeller, Phoenix, for appellant.

Cox & Cox, Phoenix, for appellee.

STRUCKMEYER, Vice Chief Justice.

Louis A. Sackin, appellant herein, moved for rehearing asserting that the executions deny due process of law contrary to the opinion, Sniadach v. Family Finance Corporation of Bayview, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349.

We pointed out in our decision, Sackin v. Kersting, 105 Ariz. 464, 466 P.2d 758, that by Arizona's Uniform Fraudulent Conveyance Act, A.R.S. § 44–1001, et seq., every conveyance made by a person who is thereby rendered insolvent is fraudulent, and that his creditors may execute on the property conveyed. By Paragraph 6 of Kersting's tender of issue in garnishment it was alleged that McCune had transferred all of his property to Sackin. This was admitted in Sackin's answer. The declaration of trust by which Sackin acquired title to all of McCune's property expressly recites that the transfer was without a fair consideration:

> "That no consideration was or will be given by the Co-Trustees for the conveyance or transfer to them of any of the Trust Estate * * *."

It is plain that Sackin, as trustee, holds only the naked legal title for the benefit of McCune as expressed in the trust. Sackin is substantially in the same position as the employer-garnishee in Sniadach, being simply the holder of the stakes concerning which the parties are quarreling. The due process found wanting in Sniadach was the interim freezing of the employee's wages pending a decision on the merits of the debt and the probability of the debtor being "driven to the wall."

Sackin urges that he will be indefinitely deprived of the use of property against which executions have run while he engages in this and possibly future lengthy quiet title litigation. We question whether the principle invoked in Sniadach has the same compulsive force when applied to a garnishee. Certainly, the trustee of an express trust can have no personal financial involvement with the trust res which he holds for the benefit of the cestui que trust and can hardly be personally and financially driven to the wall.

The scope of the inquiry on garnishment embraces all issues relevant

to a final determination of the garnishee's rights, Springfield Acceptance Co. v. Laroumis, 307 Mass. 118, 29 N.E.2d 725; cf. Linder v. Lewis, Roca, Scoville & Beauchamp, 85 Ariz. 118, 333 P.2d 286, and this must necessarily be true of all executions in an appropriate proceeding to quash or dissolve. Sackin was afforded his day in court on tender of issue and on his motion to quash the executions, at which time he had the right to raise all legal and equitable defenses personal to himself which would justify their dissolution.

The motions for rehearing and stay are denied.

UDALL, McFARLAND, and HAYS, JJ., concur.

NOTE: Chief Justice LOCKWOOD did not participate in this matter.