In re Dorothy I. DALY, Debtor.

TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY, Plaintiff,

v.

Dorothy I. DALY, Debtor; Alan R. Solot, Trustee; and Development Assistance Corporation, S.A. a Leichtenstein corporation; Conrad C. Stucky and Patricia J. Stucky, judgment creditors, Defendants.

Bankruptcy No. 82–00654.

Adv. No. 82–0389.

United States Bankruptcy Court,
D. Arizona.

May 17, 1983.

Barbara M. Torres, John J. Fries, Phoeniz, Ariz., for plaintiff.

Joseph McDonald, Tucson, Ariz., for Dorothy I. Daly.

Ilene G. Sipe, John N. Iurino, Tucson, Ariz., for Development Assistance Corp. and Stucky.

---

Alan A. Solot, Tucson, Ariz., Trustee.

## MEMORANDUM OPINION

WILLIAM A. SCANLAND, Bankruptcy Judge.

Plaintiff, Transamerica Occidental Life Insurance Company, hereinafter referred to as "Occidental Life", filed an adversary proceeding against the defendants seeking a declaratory judgment as to the rights, if any, of the defendants in the proceeds of a life insurance policy. Defendant, Dorothy I. Daly, filed an answer and crossclaim seeking a permanent injunction against other defendants as well as plaintiff from continuing or taking any action to collect or recover any claimed debt due from Dorothy I. Daly. She also sought a declaration that a judgment heretofore taken against her be declared void. Defendants Development Assistance Corporation and Stucky filed a counterclaim seeking either proceeds of the life insurance policy or damages from plaintiff for failure to pay such proceeds to them.

The insured, Robert R. Daly, died on May 3, 1982, and was the owner of an insurance policy issued by Occidental Life. The debtor, Dorothy I. Daly, was the beneficiary of this policy. On or about May 7, 1982, defendants, Development Assistance Corporation, hereinafter called "Development", and Conrad C. Stucky and Patricia J. Stucky, caused a writ of garnishment to be served upon Occidental Life. Occidental Life answered the writ of garnishment on May 14, and stated it was not indebted to Robert or Dorothy Daly. On May 24, 1982, Occidental Life paid the insurance proceeds of the policy of $32,443.05 to the beneficiary, Dorothy I. Daly. Evidence of proof of death was provided Occidental Life by Dorothy I. Daly on May 20, 1982, as required by the policy. All parties have consented to this Court's jurisdiction in the matter. This Court believes that the issue before it is: when did the debt arise from Occidental Life to Dorothy I. Daly.

A.R.S. § 20–1215 (1956) provides that "There shall be a provision that when a policy becomes a claim by the death of the insured settlement shall be made upon receipt of due proof of death . . . ." This provision is in the policy itself.

Arizona courts have held that at the time a writ of garnishment is served there must be a clear, ascertainable and unconditional debt owing by the garnishee to the judgment debtor, a debt not contingent upon any other events. See, Reeb v. Interchange Resources, Inc., 106 Ariz. 458, 478 P.2d 82 (1970). See also, Gillespie Land & Irrigation Co. v. Jones, 63 Ariz. 535, 164 P.2d 456 (1945); O'Leary v. Superior Court, 104 Ariz. 308, 452 P.2d 101 (1969); Weir v. Galbraith, 92 Ariz. 279, 376 P.2d 396 (1962). It is also clear that in Arizona the rights of a garnishor creditor in the hands of a garnishee creditor are no greater than the rights of the defendant-debtor to those assets. Webster v. U.S. Life Title Co., 123 Ariz. 130, 598 P.2d 108; Wolf Corp. v. Louis, 11 Ariz.App. 352, 464 P.2d 672 (1970).

This Court believes that the statute itself settles the matter and that its provision has been sustained that payment on a life insurance policy is not due when the claim arises by reason of the death of the insured. See, A.R.S. § 20–1215 (1956). In other words, the courts distinguish between the claim to be made by a beneficiary and the time when payment under a contract of insurance must be made by the insuror.

Development's and Stuckeys' attorneys argue, however, that a garnishee defendant is obligated to retain funds upon the service of a writ of garnishment until the matter can be sorted out, citing Sackin v. Kersting, 105 Ariz. 566, 468 P.2d 925 (1970). This case does not support this legal principle. Here we have a situation where the garnishor was stayed by the automatic stay, 11 U.S.C. § 362, and the plaintiff's answer in garnishment was not controverted until after it had paid the beneficiary of the policy.

Sackin only discusses the due process problem arising when an answer to a writ of garnishment is controverted by the garnishing creditor. This Court holds that the right to payment to the beneficiary did not arise until proof of death was submitted to

the company at its home office. This Court believes it is the determining factor in the matter, and that at the time of the writ or service of garnishment no debt was due the beneficiary under the insurance contract. A claim did arise in her favor.

Defendants also argue that they should be permitted to controvert the answer and the determination made as to whether or not the insurance carrier must pay the proceeds of the insurance contract.

This Court does not believe that this is the law in view of the Bankruptcy Code. Upon the filing of the petition for relief and the granting of a discharge, all judgments heretofore taken against the debtor are void. *See, In re Warren,* 7 B.R. 201 (1980); *In re Scott,* 24 B.R. 738 (1982). 11 U.S.C. § 524(a) reads as follows: "A discharge in a case under this title voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727 ...." In other words, upon the granting of the discharge on September 28, 1982, the judgment of Development and Stucky was void and could not be enforced. The garnishor was stayed from acting until the date of discharge. Any act taken in the face of the discharge would be void. *See, In re Scott,* supra.

Even if this were not true because of the filing of the petition, had Occidental Life paid Stucky and Development under a judgment in garnishment, such would have been a preference under the Bankruptcy Code and subject to being recovered by the trustee in bankruptcy under 11 U.S.C. § 547. *See, In re DeVault Mfg. Co.,* 1 B.R. 710 (Bkrtcy.E.D.Pa.1979); *In re Burnham,* 12 B.R. 286 (Bkrtcy.N.D.Ga.1981). This section is the same as Section 67 of the old Bankruptcy Act cases which support the proposition that payment under a writ of garnishment based upon a garnishment served within the preference period is subject to attack by a trustee. *See, Thompson v. Fairbanks,* 196 U.S. 516, 25 S.Ct. 306, 49 L.Ed. 577 (1905).

For the foregoing reasons this Court holds that Development Assistance Corporation and Stucky are not entitled to judgment as prayed for, and that they have no rights to proceeds of the insurance policy carried by Occidental Life on the deceased, Robert R. Daly.

IT IS FURTHER ORDERED that an injunction shall issue on behalf of Dorothy I. Daly barring Development Assistance Corporation and Conrad C. Stucky and Patricia J. Stucky from attempting to recover such moneys from her.

This shall serve as findings of fact under Section 752 of the Bankruptcy Rules of Procedure. Plaintiff's counsel and Dorothy I. Daly's counsel are given fifteen (15) days to submit an appropriate form of judgment.