473 P.2d 818

Harold H. REEB, Appellant,

v.

INTERCHANGE RESOURCES, INC. OF PHOENIX, a corporation, Appellee.

No. 1 CA–CIV 1135.

Court of Appeals of Arizona, Division 1.

Aug. 27, 1970.

Rehearing Denied Sept. 28, 1970.

Review Granted Nov. 10, 1970.

Ash & Reeb, by Fred J. Ash, Mesa, for appellant.

Samuel Kelsall, IV, Phoenix, for appellee.

HOWARD, Chief Judge.

Appellant Reeb was retained as attorney for one Loren Girletz and represented Girletz on numerous business transactions. In May of 1967, Girletz sent a check to Mr. Reeb in the sum of $2,000.00. Mr. Girletz instructed Mr. Reeb to use this money to negotiate a settlement with the appellee. This check was drawn by a W. W. Barefoot; was payable to Girletz and endorsed in blank by Girletz. Reeb telephoned the attorney for the appellee on May 22, 1967 and advised him that he had received the check for $2,-000.00 which he would offer as a settlement to the appellee. The attorney for the appellee rejected the offer. On that very same day, May 22nd, Reeb gave the check to the First Security Bank for collection. First Security sent the check which was drawn on the First National Bank in Albuquerque, New Mexico, for collection requesting that the fate of the check be wired immediately. Mr. Reeb was served with the appellee's writ of garnishment on May 23, 1967. Also, on this date, Mr. Reeb was advised that, due to lack of funds, the check was no good. Mr. Girletz and Mr. Barefoot were informed of this fact and, on May 25, 1967, two days after the garnishment, Barefoot sent a cashier's check for $2,000.00, which check was deposited to the account of Reeb. The $2,000.00 was then withdrawn by Mr. Reeb and paid to other creditors of Girletz.

On June 2, 1967, Reeb filed an answer to the writ of garnishment denying any indebtedness to the defendant at the time of the service of the writ and at the time of answering said writ. The answer was controverted and upon trial the court gave judgment to the appellee for the indebtedness created by the check less attorney's fees owed by Girletz to Reeb at the date of the service of the writ of granishment. The judgment originally provided for a set-off of $200.00 for attorney's fees. Subsequently, the amount was redetermined and the trial court found that Reeb was entitled to a set-off of attorney's fees in the sum of $1,062.00.

The court refused to allow the set-off to Reeb for an additional $300.00 for the preparation of documents for the incorporation of a business of Girletz because the papers had not been filed; the articles of incorporation had not been filed with the Corporation Commission at the time of the garnishment.

## WAS THE CHECK GARNISHABLE?

■ It is the contention of the appellant that he held nothing which was subject to garnishment. It is true that in the State of Arizona in order for a garnishee to be liable it must be shown that he was indebted to the debtor at the time of the service of the writ. O'Leary v. Superior Court of Gila County, 104 Ariz. 308, 452 P.2d 101 (1969); Kuffel v. United States, 103 Ariz. 321, 441 P.2d 771 (1968); Gillespie Land and Irrigation Co. v. Jones, 63 Ariz. 535, 164 P.2d 456 (1945); J. H. Mulrein Plumbing Supply Company v. Walsh, 26 Ariz. 152, 222 P. 1046 (1924). As authority for his position, the appellant cites the case of Weir v. Galbraith, 92 Ariz. 279, 376 P.2d 396 (1962), wherein the court held that the indebtedness referred to in the garnishment statute must be an indebtedness which is "due" at the time of the service of the writ and cannot be contingent on the occurrence of any act or event. The case further held that the indebtedness must be definite, fixed and absolute, with no conditions precedent to the garnishee's obligation to pay the sum over to the defendant should he properly demand it.

Rather than being a case in favor of the appellant, we find that the case of Weir v. Galbraith, supra, is a case which is closely akin to the facts in this case. In Weir v. Galbraith, supra, a garnisher sought to garnish a vendor's interest in a contract for the sale of realty which had been assigned to the garnishee-attorney for defendant Weir. The purpose of the assignment was, in part, for taking care of the personal obligations of the defendant Weir. In the case sub judice the defendant Girletz, by endorsement, assigned his interest in the check to appellant Reeb for the purpose of using the same to pay a creditor.

■ We learn from Weir v. Galbraith, that in Arizona, a chose in action is subject to garnishment, since when land is sold on contract, the vendor's interest therein ceases to be "real estate" and becomes a chose in action. Smith v. Glen Alden Coal Co., 347 Pa. 290, 32 A.2d 227 (1943). A check is essentially, a commercial paper possessing the attributes of a contract. Kleinman v. Chase National Bank of City of New York, 124 Misc. 173, 207 N.Y.S. 191 (1924). It is a chose in action. Tarrant American Savings Bank v. Smokeless Fuel Company, 233 Ala. 507, 172 So. 603 (1937); First National Bank of Montgomery v. Montgomery Cotton Manufacturing Co., 211 Ala. 551, 101 So. 186 (1924). It is an acknowledgment of indebtedness and promise to pay. Minner v. Childs, 116 Ga.App. 272, 157 S.E.2d 50 (1967); Mason v. Blayton, 119 Ga.App. 203, 166 S.E. 2d 601 (1969); Diemar & Kirk Company v. Smart Styles, Inc., 261 N.C. 156, 134 S.E.2d 134 (1964).

The check in this case was in the form of a negotiable instrument which on its face shows it to be an unconditional promise to pay the sum of $2,000.00 on the part of the maker, W. W. Barefoot. We do not believe that the obligation to pay on the check in this case is any more contingent and uncertain than the obligation to pay on the contract was in the case of Weir v. Galbraith, supra. The $2,000.00 which Barefoot, as the drawer, promised to pay was indebtedness which was due. Barefoot was obligated to pay the sum of $2,000.00 whether that amount was in his account in the bank or not.

■ When Reeb received the $2,000.00 from Barefoot and then used the sum to pay other creditors of Girletz, he did so at his own risk. A.R.S. § 12–1578 provides that from and after the service of a writ of garnishment the garnishee shall not pay the defendant any debt or deliver to him any property and that any such payment or delivery of property shall be void and of no effect. When Reeb paid said sum to Girletz' creditors, it was the equivalent of paying Girletz himself and said payment was void.

Appellant cites the Minnesota case of Lundstrom v. Hedge, 185 Minn. 40, 239 N.W. 664 (1931) as authority for his position in this case. In that case, an attorney was served with a writ of garnishment after

receipt of a check payable to him. A portion of the proceeds of the check were to be turned over to his client. The check was not paid until two days after the writ was served upon him. The court held that the attorney was not subject to garnishment for funds which he received after the check was paid. We find the reasoning in that case inapposite in view of our Supreme Court's ruling in Weir v. Galbraith, supra.

## FAILURE TO SET OFF THE ENTIRE AMOUNT OF ATTORNEY'S FEES

■■ As to the question of set-off of attorney's fees the court made findings of fact and conclusions of law. The court found as a fact that as of the date of the garnishment the appellant's entitlement to fees in connection with the formation of said corporation had not matured. As a general rule, and subject to exceptions not relevant to this case, a claim to be the subject of set-off must be due and owing at the time when the liability of the garnishee attaches and a claim which has not matured at that time is not available for such a purpose. Estridge v. Janko, 96 Ga.App. 246, 99 S.E.2d 682 (1957); Grise v. White, 351 Mass. 427, 221 N.E.2d 874 (1966); Mattek v. Hoffmann, 272 Wis. 503, 76 N.W.2d 300 (1956). We have reviewed the evidence in this case and find that there was testimony upon which the court could legitimately reach conclusion that the debt as to the incorporation had not matured at the time of the service of the writ of garnishment. We will not therefore, disturb the court's findings on this matter.

■ The trial court allowed the appellee the sum of $103.18 representing interest at the rate of 6% per annum on the principal amount wrongfully withheld from the garnishee-defendant by the plaintiff. The appellant questions the propriety of the court making this allowance of interest. The appellee has not answered this question in its brief. We think the issue involved is a debatable issue and appellee's failure to answer the question as to the allowance of interest constitutes a confession of error.

Alabam Freight Lines v. Chateau, 56 Ariz. 148, 149, 106 P.2d 332 (1940).

The judgment is affirmed except as to the allowance of interest in the sum of $103.18, the allowance of which is reversed.

KRUCKER and HATHAWAY, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.