478 P.2d 82

**Harold H. REEB, Appellant,**

**v.**

**INTERCHANGE RESOURCES, INC. OF PHOENIX, a corporation, Appellee.**

**No. 10206–PR.**

Supreme Court of Arizona,
In Banc.

Dec. 10, 1970.

Rehearing Denied Jan. 5, 1971.

Ash & Reeb, by Fred J. Ash, Mesa, for appellant.

Samuel Kelsall, IV, Phoenix, for appellee.

UDALL, Justice:

This is a garnishment action in which garnishee-defendant Harold Reeb appeals from the judgment of the Superior Court of Maricopa County in favor of plaintiff-appellee, Interchange Resources, Inc. The Court of Appeals, 13 Ariz.App. 16, 473 P. 2d 818 (1970), upheld the liability of the garnishee-defendant and we granted his petition for review. We reverse the judgment and vacate the opinion of the Court of Appeals.

The facts underlying this controversy are not disputed. At the time this garnishment proceeding was instituted, one Loren Gir-

letz was indebted to appellee, Interchange Resources, in the amount of approximately $6,000. Appellant Reeb, the garnishee, was Girletz' attorney and represented him in a number of business transactions.

In May of 1967 Girletz sent a check to Reeb, drawn in the amount of $2,000.00. The check was drawn by a W. W. Barefoot, was payable to Girletz, and was drawn on an Albuquerque, New Mexico bank. Girletz endorsed the check in blank and sent it to Reeb with instructions that its proceeds be used to settle the indebtedness to Interchange. If no settlement could be arranged, Girletz instructed Reeb to use the proceeds to pay some of Girletz' other creditors.

Reeb received the check on May 22, 1968. That same day he forwarded it for collection to Albuquerque, requesting that the bank notify him immediately as to whether or not the check cleared. Also on May 22, Reeb contacted the attorney for appellee, Interchange, advised him that he had received the $2,000 check and offered to settle the indebtedness for $2,000.00. The offer was refused.

The following day, May 23, 1967, the Albuquerque bank wired Reeb that the check had not cleared because of insufficient funds. The same day, Interchange caused a writ of garnishment to be served on Reeb. Two days after the writ was served, however, Reeb received a cashier's check from Barefoot in the amount of $2,000. He applied these funds as payment to other creditors of Girletz.

Reeb filed an answer to the writ of garnishment on June 2, 1967 denying any indebtedness to the defendant, Girletz, at the time of the service of the writ and at the time of answering said writ. Appellee, Interchange, controverted the answer. A trial was held and the trial court rendered judgment against Reeb on the garnishment for $2,000 with a set-off of attorney's fees in the amount of $1,062.00.

In this appeal by Reeb, the principal contention is that he is not liable on the garnishment in any amount because at the time the writ of garnishment was served he was not indebted to the defendant Girletz.

The question thus is whether judgment is proper against a garnishee when at the time of service of the writ he held only a check, endorsed by the defendant, but drawn on insufficient funds, and where the amount of the check was paid after service of the writ.

 Under consistent judicial interpretation of Arizona garnishment statutes, a judgment against a garnishee is dependent upon the situation at the time the writ of garnishment is served. O'Leary v. Superior Court of Gila County, 104 Ariz. 308, 452 P.2d 101 (1969); Weir v. Galbraith, 92 Ariz. 279, 376 P.2d 396 (1962); Gillespie Land & Irrigation Co. v. Jones, 63 Ariz. 535, 542, 164 P.2d 456, 459 (1945); Peevey v. Dickson, 26 Ariz. 212, 224 P. 808 (1924); J. H. Mulrein Plumbing Supply Co. v. Walsh, 26 Ariz. 152, 222 P. 1046, (1924). There must at that time be a clear, ascertainable debt existing to defendant, a debt not contingent on other events. O'Leary v. Superior Court of Gila County, supra; Weir v. Galbraith, supra.

 In the instant case, at time of service of the writ, garnishee had in his possession only a check which was not then collectible. The defendant, Girletz, could not have demanded payment of any amount from the garnishee as of that time. We therefore are of the opinion that no debt existed as of that time which would render Reeb subject to liability on the writ. There is authority in several jurisdictions that checks are never subject to garnishment, because they are always contingent on payment. Fairfield v. Sacco Stone & Asphalt Co., 91 R.I. 446, 164 A.2d 853 (1960); Lundstrom v. Hedge, 185 Minn. 40, 239 N.W. 664 (1931). We do not deem it necessary to lay down such a hard and fast general rule. We recognize, as was unsuccessfully argued in Fairfield v. Sacco Stone & Asphalt Co., supra, that in the modern commercial world, checks and other negotiable instruments are commonplace

in situations where formerly only cash was acceptable. However, in the instant case on the day that the garnishment writ was served, the garnishee received notification that the check was drawn on insufficient funds. We therefore are unable to hold that the check in this situation should be garnishable.

■■■■ Appellee also urges that under Arizona garnishment statutes, particularly A.R.S. § 12–1578, subsec. A and A.R.S. § 12–1585 [1], garnishment should be proper with respect not only to sums owing at the time the writ is served, but also as to debts which may come into existence between the time of service of the writ and the garnishee's answer. Appellee thus contends that the $2,000 cashier's check, received two days after service of the writ, was caught by the garnishment.

While the interpretation urged by appellee may be possible from the literal language of the statute, appellee ignores the long standing interpretation by our courts that garnishment reaches only debts existing at the time of the service of the writ. In Gillespie Land & Irrigation Co. v. Jones, 63 Ariz. 535, 542, 164 P.2d 456, 459 (1945), this court expressly stated that the findings of the trial court in a garnishment action should determine the amount due at date of service, and not as of a later time. See also O'Leary v. Superior Court of Gila County, supra; Weir v. Galbraith, supra; Peevey v. Dickson, supra; J. H. Mulrein Plumbing Supply Co. v. Walsh, supra.

Appellee also argues that even if the garnishment reaches only debts existing at the time the writ was served, appellee is still entitled to judgment, because the check at that time represented contractual rights against the endorser and the maker. Appellee urges that these rights were subject to garnishment, relying upon the case of Weir v. Galbraith, 92 Ariz. 279, 376 P. 2d 396 (1962).

In Weir v. Galbraith, supra, the judgment debtor assigned to the garnishee, his attorney, an installment contract for the sale of realty. The judgment debtor was the vendor of the realty. At the time the writ was served on the garnishee, he had received several payments under the contract. The garnishee argued in Weir v. Galbraith that the contract did not represent a garnishable debt because the debt had not yet matured and payment was therefore contingent on future events. This court held, however, that the garnishment reached not only the money which he had already received, but also the installments which did not mature until after service of the writ.

We believe that Weir v. Galbraith, supra, is distinguishable from the instant case. Weir v. Galbraith, supra, involved payments under an installment contract which had not yet matured. See Dawson v. Bank of America National Trust & Savings Ass'n, 100 Cal.App.2d 305, 223 P.2d 280 (1950). In the instant case, however, the garnishee at the time of garnishment

---

[1]. A.R.S. § 12–1578 *Limitations upon transfers by garnishee after service; replevin by defendant*

A. From and after service of a writ of garnishment, the garnishee shall not pay to defendant any debt or deliver to him any property, nor shall the garnishee, if a corporation in which the defendant is alleged to be the owner of shares or to have an interest, permit or recognize any sale or transfer of such shares or interest. Any such payment or delivery, sale or transfer, shall be void and of no effect as to so much of the debt, property, shares or interest as are necessary to satisfy plaintiff's demand.

\* \* \* \* \*

A.R.S. § 12–1585. *Judgment against garnishee*

If it appears from the answer of the garnishee, or otherwise, that the garnishee is indebted to the defendant in any amount or was so indebted when the writ was served, the court shall give judgment for plaintiff against the garnishee for the amount so admitted or found to be due defendant from the garnishee unless the amount exceeds plaintiff's judgment against defendant in which case it shall be for the amount of such judgment.

held a personal check which had already been dishonored because of insufficient funds. We are accordingly not concerned here simply with a debt that is not yet due.

We conclude that the trial court should have entered judgment in favor of the garnishee and against appellee. In view of our disposition of this matter, it is not necessary to consider the arguments of the parties relating to the appellant's rights of set-off.

The judgment of the trial court is reversed and the opinion of the Court of Appeals, 13 Ariz.App. 16, 473 P.2d 818 (1970), is vacated.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and McFARLAND and HAYS, JJ., concur.