773 P.2d 504

**ABLE DISTRIBUTING COMPANY, INC., an Arizona corporation, Plaintiff–Appellee,**

**and**

**Master Mechanical & Plumbing, Inc., an Arizona corporation, Defendant–Appellee,**

**v.**

**JAMES LAMPE, GENERAL CONTRACTOR, an Arizona general partnership, Garnishee–Appellant.**

**No. 1 CA–CV 88–074.**

Court of Appeals of Arizona, Division 1, Department B.

April 11, 1989.

---

Rawlins Burrus Lewkowitz & Feinstein, P.C. by Paul E. Steen and R. Stewart Halstead, Phoenix, for plaintiff-appellee.

Shelley & Bethea by J. LaMar Shelley, Mesa, for garnishee-appellant.

## OPINION

CONTRERAS, Presiding Judge.

This appeal arises out of garnishment proceedings commenced by Able Distributing Company, Inc. (Able) against James Lampe, General Contractor, an Arizona general partnership (Lampe), on the basis of a default judgment it had obtained against Master Mechanical & Plumbing, Inc. (Master Mechanical). Following a hearing, the trial court granted judgment for Able on the garnishment against Lampe in the amount of $28,574.51. The issues raised in this appeal are: (1) whether the amount owed by Lampe to Master Mechanical was a contingent liability, (2) whether the debt was liquidated, (3) whether Lampe was denied due process, (4) whether the trial court improperly excluded evidence of back charges incurred after service of the writ of garnishment, and (5) whether an arbitration clause in the contract between Lampe and Master Mechanical made arbitration the sole vehicle for determining the amount of any debt.

We conclude that the trial court erred in its refusal to admit an exhibit evidencing back charges. We therefore find it necessary to remand the matter to the trial court for consideration of that exhibit. In all other respects, the judgment is affirmed.

### FACTS AND PROCEDURAL BACKGROUND

In 1984, Lampe as an owner-builder entered into a plumbing subcontract with Master Mechanical under which Master Mechanical agreed to furnish materials and labor for an apartment complex consisting of 438 units to be constructed in Mesa, Arizona. The total contract price was $823,818. The apartment complex was completed and a certificate of occupancy was issued by the City of Mesa in May, 1986. Master Mechanical remained on the project beyond its completion through mid-July, 1986, performing repairs and maintenance services.

Able furnished materials to Master Mechanical for use in the Lampe project. On June 26, 1986, Able recorded a Notice and Claim of Mechanic's and Materialman's Lien against the apartment complex for $36,382.59 allegedly owed to it by Master Mechanical. AmFac Distribution Corporation (AmFac), another materials supplier for Master Mechanical on the Lampe project, recorded a lien for $38,713.01.

Able also filed a complaint against Master Mechanical for amounts owed for materials furnished Master Mechanical for use in other projects. Able eventually took a default judgment against Master Mechanical for $36,268.88 for materials furnished but not related to the Lampe project. On August 11, 1986, Able served a writ of garnishment on Lampe for the amount of the default judgment.

In its amended answer to the writ of garnishment, Lampe denied that it was indebted to or otherwise in possession of monies of Master Mechanical, while also conceding that at the time the writ of garnishment was served, the sum of $70,909.56 had not been paid to Master Mechanical under the plumbing subcontract. However, Lampe noted that various defects in Master Mechanical's work had caused Lampe to expend $5,557.63 to make necessary repairs and replacements. Lampe further explained that Able and

AmFac had recorded liens for $36,382.59 and $38,713.01 respectively.

Able initially objected to Lampe's answer on the ground that the AmFac lien was invalid. Able later challenged various back charges made by Lampe against Master Mechanical, and alleged that additional monies were owed for extra work performed by Master Mechanical.

The trial court found that a hearing was necessary to determine whether Lampe had been indebted to Master Mechanical at the time the writ of garnishment was served. Following argument on various motions and several continuances, an evidentiary hearing was ultimately conducted over a period of several weeks beginning in May, 1987. At the conclusion of the proceedings, the trial court found that: 1) the writ was valid against the judgment debtor Master Mechanical, 2) $36,268.00 [1] was due and owing on the underlying judgment obtained by Able against Master Mechanical, and 3) after deducting the amount of the liens and after appropriate back charges, Lampe owed Master Mechanical $28,574.51 at the time the writ of garnishment was served. On November 25, 1987, formal judgment on garnishment was entered for Able in the sum of $28,574.51 plus costs and attorney's fees. This appeal followed.

### STANDARD OF REVIEW

The garnishment hearing on the merits was held pursuant to A.R.S. § 12–1580. None of the parties requested findings of fact or conclusions of law. Where no findings of fact were made or requested, we must presume that the trial court found every fact necessary to support its judgment, and we will sustain those presumptive findings if they are justified by any reasonable construction of the evidence. *Master Records, Inc. v. Backman*, 133 Ariz. 494, 497, 652 P.2d 1017, 1020 (1982); *Equitable Life Assurance Soc'y of the United States v. Anderson*, 151 Ariz. 355, 357, 727 P.2d 1066, 1068 (App.1986).

It is not the prerogative of this court to weigh the evidence and determine the credibility of witnesses. *Imperial Litho/Graphics v. M.J. Enters.*, 152 Ariz. 68, 72, 730 P.2d 245, 249 (App.1986). Further, we must view the evidence in a light most favorable to support the judgment of the trial court. *State v. Veatch*, 132 Ariz. 394, 396, 646 P.2d 279, 281 (1982); *Yano v. Yano*, 144 Ariz. 382, 384, 697 P.2d 1132, 1134 (App.1985).

### CONTINGENT LIABILITY

The effect of a writ of garnishment is to impound any asset or property of the defendant which is found to be in the garnishee's hands pending resolution of the merits of the garnishor's claim. *Kuffel v. United States*, 103 Ariz. 321, 325, 441 P.2d 771, 775 (1968). In order to determine the liability of the garnishee, a court must look to the facts as they were found to exist at the time the writ was served. *Peevey v. Dickson*, 26 Ariz. 212, 215, 224 P. 808, 809 (1924). As of the time of service, there must be a clear, ascertainable debt existing to the defendant, a debt not contingent upon other events. *Reeb v. Interchange Resources, Inc.*, 106 Ariz. 458, 459, 478 P.2d 82, 83 (1970); *Weir v. Galbraith*, 92 Ariz. 279, 287, 376 P.2d 396, 401 (1962).

Lampe contends that any liability it had to Master Mechanical was contingent when the writ of garnishment issued on August 11, 1986. Although conceding that it held some monies as retainage under its contract with Master Mechanical, Lampe argues that Master Mechanical's entitlement to this money was contingent upon its compliance with various provisions of the contract which had not been performed as of the date the writ issued. However, merely because a debt is disputed does not mean that it is "contingent." *See generally* 6 Am.Jur.2d *Attachment and Garnishment* § 126 (1963).

As an initial matter, we note that Lampe asserts that he was entitled to have the writ of garnishment quashed pursuant to

---

**1.** The judgment does not include an additional 88 cents which was requested in Able's complaint, and which is part of the default judgment. As neither party has contested the discrepancy, we treat it as *de minimis*.

the motion he had filed and that a hearing should not have been conducted. Specifically, Lampe contends that the trial court improperly allowed Able to try a contingent claim against Master Mechanical in the garnishment proceeding. We disagree.

A.R.S. § 12–1584(B) provides:

If a timely objection is filed the court, after hearing evidence and argument, shall determine whether the writ is valid against the judgment debtor, what amount is presently due and owing on the underlying judgment and what amount of non-exempt monies, if any, the garnishee was holding for or owed to the judgment debtor at the time the writ was served, and the court shall enter judgment on the writ against the garnishee for that amount or enter an order discharging the garnishee if no nonexempt monies are determined owing.

The scope of inquiry in garnishment proceedings to quash a writ embraces all issues relevant to a final determination of the garnishee's rights. *See Sackin v. Kersting*, 105 Ariz. 566, 567, 468 P.2d 925, 926 (1970). As expressly set forth in A.R.S. § 12–1584(A), a party who has an objection to the writ of garnishment or to the answer of the garnishee may file an objection and request a hearing. One purpose of the hearing is to determine whether the garnishee was indebted to the judgment debtor when the writ was served. A.R.S. § 12–1584(B). Therefore, where there are disputed facts and a timely objection has been filed, the determination of whether a debt is contingent can properly be made in the hearing.

■ We now address Lampe's contention that the debt owed to Able is contingent, and therefore, not subject to garnishment. Where further performance of a contract is necessary before money payment is due, it is generally held that the obligation to pay the money is not subject to garnishment until the condition has been fulfilled. *See Transmix Concrete of Rockdale v. United States*, 142 F.Supp. 306, 308 (W.D.Tex. 1956); *Wyatt Lumber & Supply Co. v. Hansen*, 147 S.W.2d 366, 368 (Ark.1940); *Vulcan Materials, Inc. v. Hall*, 132 Ga.

App. 145, 146, 207 S.E.2d 646, 647 (1974). *See generally* 6 Am.Jur.2d *Attachment and Garnishment* § 129 (1963); 38 C.J.S. *Garnishment* § 88 (1943). However, where a construction contract is substantially performed, many jurisdictions hold that the price of the contract becomes an indebtedness due and subject to garnishment. The denial of liability or assertion of a counterclaim for faulty performance does not render the obligation so uncertain or contingent as to make it not subject to garnishment. *See Brunskill v. Stutman*, 186 Cal.App.2d 97, 8 Cal.Rptr. 910, 916 (App.1960); *McKendall v. Patullo*, 160 A. 202, 204, 52 R.I. 258, 263 (1932). *See generally* Annotation, *Liability of Obligor to Garnishment in Respect of Obligation to Contractor Under Construction Contract*, 82 A.L.R. 1115 (1933); 6 Am.Jur.2d *Attachment and Garnishment* § 130 (1963). Nevertheless, an express contractual provision requiring full performance as a condition precedent to the obligation may be given effect. *See generally* Annotation, *supra*, 82 A.L.R. 1115. We note, however, that a contractual provision generally should not be construed as a condition precedent unless the provision plainly and unambiguously requires such construction. *Valley Nat'l Bank of Arizona v. Cotton Growers Hail Ins., Inc.*, 155 Ariz. 526, 528, 747 P.2d 1225, 1227 (App.1987).

There is sufficient evidence in the record to support a finding that Master Mechanical had substantially completed performance of its subcontract. As of May, 1986, the apartment project was complete, the City of Mesa had issued a certificate of occupancy, and Lampe had recorded a notice of completion and was leasing and collecting rents from the property. Nevertheless, Lampe argues that final payment was not due because Master Mechanical had not complied with Article 6 of the contract which provides:

Final payment, including the ten percent retention, shall be due and payable when the work described in this Subcontract is fully completed and performed in accordance with the Contract Documents, is satisfactory to the OWNER,

and a Notice of Completion of the project has been recorded.

Before issuance of the final payment, the Subcontractor shall submit evidence satisfactory to the OWNER that all payrolls, bills for materials and equipment, and all known indebtedness connected with the Subcontractor's work have been paid.

Lampe contends that Master Mechanical was not entitled to final payment under the contract because: (1) Master Mechanical's plumbing work had not been performed satisfactorily, and (2) Master Mechanical failed to submit evidence that all known indebtedness connected with the work had been paid, and could not have done so because Lampe had been served with two mechanic's liens. Therefore, Lampe contends that it was not indebted to Master Mechanical within the meaning of A.R.S. § 12–1579 [2] when the writ of garnishment was served on August 11, 1986.

Whether Master Mechanical had completed its work in accordance with the contract documents and to the satisfaction of Lampe must be judged by an objective standard. In *Aztec Film Prods. v. Prescott Valley, Inc.*, 128 Ariz. 402, 626 P.2d 132 (1981), the Arizona Supreme Court cited with approval the *Restatement of Contracts* § 265 (1932),[3] which states:

A promise in terms conditional on the promissor's satisfaction with an agreed exchange, gives rise to no duty of immediate performance until such satisfaction; but where it is doubtful whether words mean that a promise is conditional on the promissor's personal satisfaction with an agreed exchange, or on the sufficiency of

that exchange to satisfy a reasonable man in the promissor's position, the latter interpretation is adopted.

128 Ariz. at 406, 626 P.2d at 136. *See also Myers v. Western Realty & Constr., Inc.*, 130 Ariz. 274, 276, 635 P.2d 867, 869 (App. 1981). The question of whether the owner, as a reasonable person, should have been satisfied with the work is a question of fact. *Id.*

In order to find that Lampe's obligation to Master Mechanical was not contingent, the trial judge necessarily found that a reasonable person would have concluded that performance by Master Mechanical was substantially complete and satisfactory. We assume that the trial court found the necessary facts on which to predicate its judgment. *Upton v. East–West Realty Co.*, 81 Ariz. 58, 60, 299 P.2d 646, 647 (1956). As previously discussed, we must uphold the trial court if there is any reasonable evidence to support those presumed findings.

The City of Mesa's issuance of a certificate of occupancy, Lampe's recording of a notice of completion, and Lampe's rental of units at the project all evidence satisfaction under the objective standard imposed on Lampe. These factors are also included in the statutory definition of "completion" in A.R.S. § 33–993(B) for purposes of determining the time within which liens may be recorded against a project.[4] In addition there was testimony that Lampe did not withhold subcontract funds to obtain warranty work from any other subcontractor. Thus, as to any defects subsequently found in a subcontractor's work, the court could

---

**2.** A.R.S. § 12–1579 provides in pertinent part:

D. The answer of the garnishee shall set forth the following:

1. Whether the garnishee was indebted to or otherwise in possession of monies of the judgment debtor at the time the writ was served.

**3.** Section 265 is the basis for *Restatement (Second) of Contracts* § 228 (1981), which provides:

When it is a condition of an obligor's duty that he be satisfied with respect to the obligee's performance or with respect to something else, and it is practicable to determine whether a reasonable person in the position of the obligor would be satisfied, an interpretation is preferred under

which the condition occurs if such a reasonable person in the position of the obligor would be satisfied.

**4.** A.R.S. § 33–993(B) defines completion as:

1. Actual completion of the work.
2. Occupation or use of the building, structure or improvement by the owner or his agent.
3. Written acceptance by the owner or his agent of the building, structure or improvement.
4. Final inspection and written acceptance by the governmental body which issued the building permit for the building, structure or improvement.

have reasonably concluded that Lampe's practice was to seek recourse on the warranty rather than to indefinitely withhold final payment. Additionally, there was evidence that Lampe's foreman and an official from the City of Mesa made three inspections of Master Mechanical's work and approved it. Finally, Lampe never furnished Master Mechanical with a "punchlist", never defaulted Master Mechanical, and there is no evidence another contractor was hired to complete Master Mechanical's work. We conclude that there is sufficient evidence to support the conclusion that the contract was completed in a satisfactory manner.

■ The other alleged contingency urged by Lampe was Master Mechanical's failure to demonstrate that all payroll and bills for material and equipment connected with the project had been paid. Master Mechanical's failure to do so is not disputed, and its inability to do so is evidenced by the Able and Amfac liens recorded against the project. Under Lampe's literal interpretation of Article 6 of the contract, Master Mechanical would *never* be able to recover any monies due it as a final payment because of the existence of these liens. We consider this to be an unreasonable interpretation of the contract provision. Lampe's interpretation would necessarily mean that any lien on the project would result in a forfeiture of Master Mechanical's right to final payment regardless of the ratio of the amount owed to the lien amount. Forfeitures, like conditions precedent, are not favored by the law, and if an agreement is capable of two constructions, construction against forfeiture should be followed. *Harford v. National Life & Casualty Ins. Co.*, 81 Ariz. 43, 46, 299 P.2d 635, 637 (1956). We therefore conclude that Master Mechanical's failure to demonstrate that all costs incurred in connection with the project had been paid does not make the debt contingent for purposes of garnishment.

Where there has been substantial performance, defects in performance may entitle the other party to recoup losses, but will not defeat a recovery for the performance which has been rendered. *See, e.g., Matson v. Bradbury*, 40 Ariz. 140, 144, 10 P.2d 376, 378 (1932).

A debt which is contingent for purposes of garnishment is one which may never become due and payable. The contingency must affect the actual liability of the garnishee so as to preclude the judgment debtor from having any present right to call him to an accounting. *See generally* 38 C.J.S. *Garnishment* § 87 (1943). This is not true in the instant case. Master Mechanical's performance was substantially complete. It had the right to demand an accounting for the work performed even though suppliers' liens had been recorded.

The record does not support Lampe's conclusion that the $28,574.51 owed to Master Mechanical as of August 11, 1986 was contingent on other events. There was testimony that no other liens or claims had been recorded or filed. Lien rights had been cut off in July, 1986 by the notice of completion filed in May, 1986. There was no future performance from Master Mechanical which made the amounts of the liens or the disposition of the liens an uncertainty nor was any future performance going to affect the alleged indebtedness of Lampe to Master Mechanical. We therefore conclude that any alleged contingency had been satisfied.

Lampe argues that the facts of the instant case are analogous to those found in *O'Leary v. Superior Court*, 104 Ariz. 308, 452 P.2d 101 (1969), and *Reeb v. Interchange Resources, supra*, in which certain debts were held to be contingent, and thus, not subject to garnishment. We disagree.

*O'Leary* involved the garnishment of a cash supersedeas bond posted in an appeal of a divorce decree. At the time of garnishment, the appeal was pending. Future events would determine whether the party posting the bond would be entitled to recover any or all of the bond, and this contingency precluded garnishment. In the instant case there were no outside circumstances that would affect Master Mechanical's entitlement to monies from Lampe. Performance was complete. Therefore, Lampe was indebted to Master Mechanical,

and held the money owed as an asset of Master Mechanical. As such, that asset was subject to garnishment.

*Reeb* involved garnishment of a check drawn on insufficient funds for which funds were deposited *after* service of the writ of garnishment. Thus, a future act, the deposit of funds, was required to create an asset in the hands of the payee which could be garnisheed. Again, this is inapposite to the instant case.

Lampe finally contends that the debt was contingent because the mechanic's liens filed by Able and Amfac exceeded the total amount of retainage withheld by Lampe. Lampe deducted amounts from the contract funds due Master Mechanical to pay the properly recorded liens. Such set-offs may properly be asserted by the garnishee in the garnishment proceedings. *See J.H. Mulrein Plumbing Supply Co. v. Walsh,* 26 Ariz. 152, 160, 222 P. 1046, 1049 (1924). However, Lampe's calculations, which resulted in the $70,909.56 retainage figure as of August 11, 1986, include back charges against Master Mechanical which the trial court found improper, and fail to include charges for extra work performed by Master Mechanical which the trial court found were properly due and owing. Taking into account the improper back charges and the valid charges for extra work, the trial court found that the actual amount Lampe owed Master Mechanical substantially exceeded the total amount of the two liens. Therefore, Lampe owed Master Mechanical money as of August 11, 1986, and the trial court found that amount to be $28,574.51. There is sufficient evidence in the record to support the trial court's finding. We therefore conclude that the $28,574.51 debt owed by Lampe to Able as of August 11, 1986, was not contingent, and thus, was subject to garnishment.

### LIQUIDATED CLAIM

■ Lampe next asserts that the debt was unliquidated and therefore not subject to garnishment. Generally, an unliquidated debt is not subject to garnishment. *See Ring v. State Farm Mutual Auto. Ins. Co.,* 147 Ariz. 32, 37, 708 P.2d 457, 462 (App.1985). *See generally* 38 C.J.S. *Garnishment* § 89 (1943). Whether a claim is liquidated is a question of fact. A claim is liquidated if the evidence furnishes data which, if believed, makes it possible to compute the amount with exactness without reliance upon opinion or discretion. *Prendergast v. City of Tempe,* 143 Ariz. 14, 23, 691 P.2d 726, 735 (App.1984); *Lake Havasu Community Hosp., Inc. v. Arizona Title Ins. & Trust Co.,* 141 Ariz. 363, 378, 687 P.2d 371, 386 (App.1984). The mere fact that parties dispute a claim does not make the claim unliquidated. *LaPaz County v. Yuma County,* 153 Ariz. 162, 168, 735 P.2d 772, 778 (1987). Where there is a liquidated claim and an unliquidated offset, the offset does not render the entire claim unliquidated. *Trimble v. American Sav. Life Ins. Co.,* 152 Ariz. 548, 557, 733 P.2d 1131, 1140 (App.1986).

■ The evidence presented at the hearing on the objection to the answer to the writ included a written contract and various invoices and accountings from which a determination of the parties' respective obligations could be determined with exactness. Lampe presented evidence at the hearing to support its position that no debt was due to Master Mechanical including: (1) its accounting of the amounts due to Master Mechanical under the contract, (2) assessment of numerous back charges, (3) denial of Master Mechanical's assertion of claim for payment for extra work, (4) Master Mechanical's responsibility for project damage, and (5) the Able and AmFac liens. Able, on the other hand, presented evidence that a substantial portion of the back charges were inappropriate, money was owed for extra work, and the amount of money owed to Master Mechanical on August 11, 1986 exceeded the amount of the mechanic's liens recorded by Able and AmFac. The judgment implicitly resolved these factual issues in favor of Able.

Lampe cites *Ring v. State Farm Mutual Auto Ins. Co., supra,* to support its position that the claim at issue was unliquidated and therefore not subject to garnishment. *Ring* involved a tort claim for personal injuries, and thus, is factually distin-

guishable from the contract claim involved in this appeal. The amount of damages in *Ring* could not be established with certainty through an accounting procedure, but rather, required a discretionary judgment by the fact finder. *Ring* is therefore distinguishable on this ground as well.

In contrast with *Ring,* the trial judge in the instant case was called upon to resolve factual conflicts concerning whether Master Mechanical improperly performed work, or failed to perform work, thereby causing Lampe to make certain repairs or hire others to complete work; and whether Master Mechanical had performed extra work for which it was owed money in addition to the original contract amount. No discretionary judgment was required of the trial court. On the basis of the evidence presented, the court could calculate with reasonable certainty the amounts owed. Therefore, the claim was liquidated.

### DUE PROCESS

■ Lampe next asserts that if the garnishment statute is construed to permit a judgment creditor to assert a claim in which the judgment debtor has not brought an action against the garnishee defendant then the garnishment statute is unconstitutional because it does not afford due process to the garnishee defendant. The essence of due process is notice and an opportunity to be heard. *See Anderson Nat'l Bank v. Luckett,* 321 U.S. 233, 246, 64 S.Ct. 599, 606, 88 L.Ed. 692 (1944). Due process is a flexible concept and calls for such procedural protections as particular situations demand. *Banks v. Arizona State Bd. of Pardons & Paroles,* 129 Ariz. 199, 202, 629 P.2d 1035, 1038 (App.1981). Due process requires that a party be given notice and an opportunity to be heard and, to give substance to the hearing, the court must consider and appraise the evidence which justifies its determination. *Sparks v. Republic Nat'l Life Ins. Co.,* 132 Ariz. 529, 544, 647 P.2d 1127, 1142 (1982), *cert. denied,* 459 U.S. 1070, 103 S.Ct. 490, 74 L.Ed.2d 632 (1982).

A.R.S. § 12–1580(B) and (C) provide:

B. The hearing on an objection to the writ, answer or amount on a claim of exemption shall be commenced within five days of the request, not including weekends and holidays, but may be continued for good cause on terms the court deems appropriate after due consideration of the importance of the judgment debtor's rights and the need for a speedy determination. Good cause includes a situation in which the objection raised at the hearing is different from that set forth in the request for hearing. However, in no event shall the hearing be held later than ten days from the date of the request unless the request for a continuance is made by the judgment debtor.

C. A party requesting a hearing pursuant to this section is required to state the grounds for his objection in writing, but the objecting party is *not limited* to those written objections at the hearing conducted pursuant to this section. (Emphasis added.)

Lampe first contends that the trial court improperly construed these statutes to permit trying an unliquidated claim where the judgment debtor was not present. For the reasons previously stated, however, the claim was not unliquidated. Further, Master Mechanical received notice of the hearings. Master Mechanical's president was present and testified at the garnishment proceedings. Finally, Master Mechanical did not claim that it was denied due process during the proceedings. We therefore conclude that no due process violation has occurred with regard to Master Mechanical.

Lampe next contends that it was denied due process because no notice was afforded in Able's objection to the answer to the writ of garnishment that Able was challenging various back charges and asserting claims for extra work done by Master Mechanical. A.R.S. § 12–1580(C) clearly permits the garnishor to raise any objection that it has to a garnishee's answer at the garnishment hearing in addition to those presented in the initial written objection.

Able's written objection to Lampe's answer to the writ of garnishment initially

raised only the issue of the legitimacy of the AmFac lien. However, Able raised the propriety of various back charges in pleadings preceding the garnishment hearing, most notably in its response to Lampe's motion to quash the writ of garnishment. In its response, Able argued that Master Mechanical had substantially performed the plumbing contract, and that contract provisions regarding final payment had either been satisfied or waived. Later, in its response to Lampe's motion to dissolve a preliminary injunction and response to report of garnishee and motion for discharge, Able raised the validity of Lampe's back charges. This pleading also preceded the garnishment hearing.

Lampe correctly points out that the issue of extra work does not appear in these pleadings. However, Lampe had the opportunity to fully probe Master Mechanical's position on the back charges and extras when it deposed Franklin Linnartz, President of Master Mechanical, on May 28, 1987. Had it chosen to do so, Lampe could have gained additional information about the nature of the back charges and extras by requesting a pre-trial statement. It is also clear from the record that Lampe received Master Mechanical's billing of February 25, 1986, which was for contract extras, but took no active steps to dispute the amounts claimed in that statement. Lampe also admitted that it received Master Mechanical's statements for maintenance extras, damages caused by other contractors, and extra work performed because of engineering problems, but did not include these items in an accounting or in the affidavit of James Lampe which it submitted in answer to the writ of garnishment. We therefore conclude that in the garnishment proceedings Lampe had sufficient notice of Able's intent to challenge certain back charges and assert claims for extra work.

Lampe also contends that A.R.S. § 12–1580(B) was not intended to allow a hearing requiring extensive trial preparation because of the short time periods within which the hearing is to be commenced. It contends that if Master Mechanical had sued Lampe directly for damages, Lampe would have been given various procedural protections under the Rules of Civil Procedure. Lampe then cites *Marco v. Superior Court*, 17 Ariz.App. 210, 496 P.2d 636 (1972), for the proposition that due process means the right to be heard according to regular established rules of procedure. However, that case does not stand for the proposition that a particular set of rules of procedure is necessary.

At the hearing Lampe introduced, or attempted to introduce, all back charges that it had made against contract funds held by Lampe on behalf of Master Mechanical. It did so to establish a basis for its accounting and to justify its contention that no monies were owed under the contract. These back charges were in the possession of Lampe who had listed and asserted them. Thus, Lampe had full knowledge of their existence. Finally, Master Mechanical had recorded a lien against the project thereby giving Lampe further notice that Master Mechanical believed that it had not been fully paid for all work performed on the project. The record demonstrates that Lampe's counsel had adequate notice of the claims and that the hearing afforded an opportunity to present Lampe's position in a meaningful way.

■ Lampe finally contends that the hearing on Able's objection should have been held no later than ten days from the date of the request of the hearing. The hearing on Able's objection was continued for reasons including: (1) unavailability of court reporters, (2) stipulations or agreements of the parties, (3) confusion of Lampe's counsel as to the purposes of a hearing, and (4) a court calendar that did not permit consecutive hearing dates.

We note that Lampe never objected to the failure to hold the hearing not later than ten days from the request until June 26, 1987, in its third and last motion to terminate the garnishment proceeding, which motion was made after Able had already presented its case to the trial court. The trial court heard and denied the motion before receiving any further evidence. Lampe cites no authority that the remedy

for any purported breach of the ten-day statutory rule should result in voiding Able's judgment. The parties proceeded to the garnishment hearing without timely objection, and Lampe is now bound by the trial court's judgment.

After reviewing the record, we conclude that Lampe was afforded full due process of law in the garnishment proceedings.

## EXCLUSION OF EVIDENCE OF DAMAGES WHICH WERE DISCOVERED AND REMEDIED AFTER THE DATE OF SERVICE OF THE WRIT OF GARNISHMENT

Lampe offered evidence of work and expense necessary to remedy deficiencies in Master Mechanical's work which it alleged were not discovered until after the writ of garnishment had been served. The trial court refused to admit one exhibit which included such evidence. Lampe argues that this ruling deprived it of its contractual right to retain payments as a guarantee for performance.

Both parties agree that testimony and exhibits were admitted evidencing thousands of dollars of back charges claimed by Lampe, which back charges were discovered and remedied both before and after August 11, 1986. The trial court's refusal to admit evidence on the basis that it was discovered after the date of the writ of garnishment went only to Exhibit 44 which asserted back charges of $1,371.27.

Able argues that if Exhibit 44 was improperly excluded from evidence, Lampe, would at most be entitled to credit for that amount. However, Lampe argues that because the court sustained the objection to Exhibit 44 on grounds that the corrective work occurred after the date of the writ, we must assume that the trial court similarly rejected evidence of other back charges for corrective work after the writ was served.

■ The trial court was required to look at the facts as they existed at the time the writ was served in order to determine liability. *Peevey, supra,* 26 Ariz. at 215, 224 P. at 809. Generally, a claim acquired by a garnishee against the judgment debtor after service of the writ of garnishment cannot be made available as a setoff. *See generally* 6 Am.Jur.2d *Attachment and Garnishment* § 373 (1963). However, an exception to that rule has been held to exist where the garnishee's claim arises out of the contract upon which his liability to the judgment debtor accrued. *See Harpster v. Reynolds,* 215 Kan. 327, 331, 524 P.2d 212, 215 (1974); *Bowling v. Bluefield–Graham Fair Assoc.,* 84 W.Va. 41, 46, 99 S.E. 184, 186 (1919). *See generally* Annotation, *Right of Garnishee, Other Than Bank Holding Deposit, To Set Off Claims Not Due or Certain When Garnishment Is Served,* 57 A.L.R.2d 700, § 6 (1958).

■ It is our opinion that the trial court erred in failing to admit Exhibit 44 on the ground that the allegedly defective work was discovered after service of the writ of garnishment. Therefore, Lampe is entitled to have the trial court consider the validity of the alleged back charges contained therein to determine whether the judgment should be reduced by that amount. Able has not conceded the validity of the back charges contained in Exhibit 44 in either its written brief or at oral argument. Therefore, we must remand the action so that the trial court may consider the validity of the back charges and, if necessary, adjust the judgment accordingly. The only issue upon remand shall be the validity of those back charges contained in Exhibit 44.

Although we conclude that Exhibit 44 should have been admitted and considered by the trial judge, we are unwilling to make the presumption that Lampe contends must be made with respect to evidence of other defective work discovered after the date of service of the writ of garnishment. We will not presume that because the trial judge refused to admit Exhibit 44 on erroneous grounds, he must necessarily have refused to consider other back charges on similar grounds. Evidence of other back charges discovered after August 11, 1986 was admitted by the court. We presume that after admitting this evidence, the trial court considered it. *Cf. Deike v. Great Atl. & Pac. Tea Co.,* 3

Ariz.App. 430, 431, 415 P.2d 145, 146 (1966).

The court heard testimony concerning whether various back charges were attributable to Master Mechanical or were the responsibility of other subcontractors. There was evidence upon which the court could have found that Master Mechanical was not responsible. We assume that the trial court acted properly absent evidence to the contrary. *Brewer v. Peterson*, 9 Ariz.App. 455, 458, 453 P.2d 966, 969 (1969). Therefore, because it had before it evidence on which it could reject Lampe's claim for back charges discovered after the writ issued, we presume its judgment was based on this evidence rather than a misapplication of the law regarding admissibility of evidence.

Able has contended that Exhibit 44 was inadmissible under Article 10, § 10.10 of the contract. This section provides that the owner, after three working days' notice, may terminate the contract of the subcontractor in the event of default. Able notes that Lampe at no time provided written notice to Master Mechanical regarding its alleged failure to perform or prosecute the work diligently and properly. It argues that compliance with § 10.10 is a condition precedent to Lampe's backcharging Master Mechanical's contract funds. However, § 10.10 specifically provides that it is without prejudice to any other remedy that the owner may have and is permissive only. We therefore conclude that § 10.10 did not create a condition precedent to Lampe's right to backcharge Master Mechanical's contract funds.

In summary, we conclude that the trial court erred in failing to admit Exhibit 44 on the ground that it was discovered after the writ of garnishment issued. Therefore, we remand for the sole purpose of the court considering that exhibit.

## ARBITRATION

Lampe contends that because the contract between Master Mechanical and Lampe mandated arbitration as the sole vehicle for settling disputes, the liability between Lampe and Master Mechanical could not be determined in a garnishment proceeding. We disagree.

A.R.S. § 12–1501 makes a written agreement to submit an existing controversy to arbitration or a provision in a contract to submit to arbitration a valid, enforceable, and irrevocable agreement, save upon grounds as exist at law or in equity. However, A.R.S. § 12–1501 binds only the parties to the arbitration agreement, and is therefore inapplicable to non-parties such as Able. *Payne v. Pennzoil Corp.*, 138 Ariz. 52, 672 P.2d 1322 (App.1983), relied upon by Lampe, does not alter this basic premise. *Payne* involved parties to a collective bargaining agreement. Able cannot be bound to arbitrate in the absence of its assent to specific contractual language clearly obligating it to do so. Parties to a contract which includes an arbitration clause cannot control the rights of a non-party garnishing creditor such as Able.

Additionally, Lampe's delay in raising the arbitration clause was unreasonable. Accordingly, the trial court properly found that Lampe waived its right to assert the arbitration clause by waiting until its third motion to dismiss the garnishment proceeding to raise the issue. *Cf. EFC Dev. Corp. v. F.F. Baugh Plumbing & Heating, Inc.*, 24 Ariz.App. 566, 569, 540 P.2d 185, 188 (1975).

## CONCLUSION

We affirm the judgment of garnishment, but remand this case to the trial court with directions that Exhibit 44 shall be admitted in evidence and then considered for the purpose of determining the validity of the back charges contained therein. If found to be valid, in whole or in part, the trial court is to amend the judgment. In the exercise of our discretion, we award costs and attorneys' fees to appellee pursuant to A.R.S. § 12–1580(E). Counsel for appellee is directed to file a statement of costs and claim for attorneys' fees pursuant to Rule 21, Arizona Rules of Civil Appellate Procedure.

EUBANK, and DAVIS, J. Pro Tem., concur.

*Note*: The Honorable Richard Davis, Judge *Pro Tempore,* has been authorized to participate in this matter by the Chief Justice of the Arizona Supreme Court, pursuant to Ariz. Const. art. VI, § 3 and A.R.S. §§ 12–145 and 12–147.