Douglas Arnold GIBSON, by his Guardian ad litem Douglas Arnold GIBSON, Individually and on Behalf of Individuals Similarly Situated and the General Public; Diane Marie Gibson, by her Guardian ad litem Douglas Arnold Gibson, Individually and on Behalf of Individuals Similarly Situated and the General Public; Dustin Gibson, by his Guardian ad litem Douglas Arnold Gibson, Individually and on Behalf of Individuals Similarly Situated and the General Public; Daniel Gibson, by his Guardian ad litem Douglas Arnold Gibson, Individually and on Behalf of Individuals Similarly Situated and the General Public; James Dittmar, Individually and on Behalf of Individuals Similarly Situated and the General Public, Plaintiffs–Appellees,

v.

COUNTY OF RIVERSIDE; Larry Parrish, Individually and in his Official Capacity as Chief Administrative Officer; Thomas Ingram, Individually and in his Official Capacity as Director of Building and Safety; Scott Barber, Individually and in his Capacity as Supervising Code Enforcement Officer; Joseph Tronti, Individually and in his Capacity as Senior Code Enforcement Officer, Defendants–Appellants.

No. 96–56369.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 4, 1997.

Decided Dec. 31, 1997.

Brian J. Wright, Greines, Martin, Stein & Richland, Beverly Hills, CA, for defendants-appellants.

James D. Smith (argued), Law Office of James D. Smith, Berkeley, CA, and Elizabeth Brancart (on the briefs), Brancart & Brancart, Pescadero, CA, for plaintiffs-appellees.

Before: FLOYD R. GIBSON,[*] KOZINSKI, and TROTT, Circuit Judges.

TROTT, Circuit Judge:

## OVERVIEW

This appeal arises from an action brought by a family with minor children challenging Riverside County, California's senior citizen zoning ordinances. The district court granted (1) plaintiff's motion for partial summary judgment, and (2) declaratory and injunctive relief permanently enjoining the County from enforcing its age-based zoning laws. In so doing, the district court concluded that California Government Code § 65008(a)(1), 1994 legislation that broadly outlawed certain forms of discrimination in connection with the use and enjoyment of real property, expressly prohibited *any* zoning based upon age. Cal. Gov.Code § 65008(a)(1) (West 1994).

On July 25, 1996, three days after the district court's ruling, however, the California Legislature amended § 65008 specifically to exempt Riverside County (County) from the statutory prohibition. The Legislature's action · was apparently taken in response to the district court's ruling. In a subsequent hearing prompted by the new legislation, the district court ruled that the 1996 amendment (Amendment) was invalid as an "act in excess of the Legislature's powers." Thus, the district court denied (1) a motion to vacate its previous orders, (2) a motion to alter and amend, (3) a motion for relief from judgment, and (4) a motion for judgment as a matter of law-all filed by the County. The court also

denied a motion to reconsider the permanent injunction.

Although we concur in the initial judgment of the district court regarding the effect as of 1994 of § 65008(a) on the Riverside senior citizen zoning ordinances, we respectfully reject the district court's conclusion that the later Amendment is invalid. The second ruling constitutes an unwarranted intrusion into the powers and prerogatives of the State Legislature and State government. We vacate the court's injunction and remand so the district court can redetermine the outcome of plaintiff's motion for declaratory relief in light of the valid 1996 amendment and other pertinent laws. The court will now need to address other questions of state and federal law left untouched by its previous rulings.

## STANDARD OF REVIEW

■ The district court's construction of California Government Code § 65008 is a purely legal issue reviewed de novo. *Premier Communications Network, Inc. v. Fuentes,* 880 F.2d 1096, 1102 (9th Cir.1989) (legal issues reviewed de novo); *Mastro v. Witt,* 39 F.3d 238, 241 (9th Cir.1994) (issues of state law reviewed de novo).

## DISCUSSION

■ From 1978 through 1993, the County of Riverside enacted a series of zoning ordinances that limited certain residential areas in the County to senior citizens only. *See* Riverside County, Cal., Ordinance 348, § 18.7 (April 13, 1993). These ordinances remain on the books and have never been repealed. In 1991, Plaintiff Gibson and his family, including his two minor children, moved into an inherited home located in a seniors only zone. The County served Plaintiff with several notices of zoning violations. In 1994, Plaintiff sued the County alleging the zoning ordinance violated, *inter alia,* various provisions of California law.

California Government Code Section 65008(a)(1) enacted in 1994 reads in pertinent part:

* The Honorable Floyd R. Gibson, Senior Circuit Judge for the Eighth Circuit, sitting by designa-  tion.

Any action pursuant to this title by any ... county ... in this state is *null and void* if it denies to any individual or group of individuals the enjoyment of residence, landownership, tenancy, or other land use in this state because of any of the following reasons: The race, sex, color, ethnicity, national origin, ancestry, lawful occupation, or *age* of the individual or groups of individuals.

Cal. Gov.Code § 65008(a)(1) (emphasis added). The district court properly held that the plain language of § 65008(a) rendered the County's age-based zoning restrictions "null and void." Section 65008(a) is clear on its face and requires no assistance from any other source in interpreting its meaning. The County's argument that the section does not mean what it says is unpersuasive. The 1996 Legislature's statement about the meaning of § 65008(a), passed two years prior, is similarly unpersuasive.

■ As noted, the California legislature amended § 65008(a) in 1996 by passing § 65008(e). The Amendment was passed in reaction to the district court's ruling. The Amendment expressly exempts Riverside County from the prohibition against age-based discrimination in zoning, and it endorses of the County's ordinances. It reads:

nothing in this section or this title shall be construed to prohibit ... [t]he County of Riverside from enacting and enforcing zoning to provide housing for older persons, in accordance with state or federal law if that zoning was enacted prior to January 1, 1995.

Cal. Gov.Code § 65008(e)(1).

The district court concluded, solely on the basis of state law, that the Amendment was invalid, reasoning that it (1) represented a retroactive change in the law, and (2) exceeded the legislature's state constitutional powers. We respectfully disagree.

First, the Amendment is valid on its face. It is a proper legislative response to a ruling of a court on an issue involving the meaning and effect of state statutory law with which the Legislature formally disagreed. As such, the Amendment does not constitute an impermissible or excessive exercise of legislative authority. To the contrary, the Amendment serves a permissible legislative purpose: it lifts a prohibition previously imposed-possibly unintentionally-by the legislature that enacted it and revalidates the County's zoning ordinances enacted prior to January 1, 1995. "Null and void" as used in § 65008(a)(1) only means having no effect: it does not mean "repealed." The district court's attempt to decide whether the Amendment "clarified" the law on one hand, or "retroactively altered" it on the other, led the court astray. The 1994 change in the law may very well give certain residents a nonconforming use claim against future zoning enforcement, but it does not serve as a predicate to render the County's laws now invalid.

Moreover, and contrary to the district court's conclusion, the Amendment does not itself "zone or reimpose zoning" in violation of California's Constitution, which confers zoning authority on local, not State, government. Cal. Const. art. XI, § 7 (1970). The Amendment served only to allow the County to enforce its current zoning regulations insofar as those regulations are consistent with state and federal law. No principle of law required the County formally to reenact its zoning laws to bring them back to life when the ban was lifted. Making such zoning again possible does not mean the legislature is itself doing the zoning. Although the amendment may not be able to be applied retroactively, it can surely operate prospectively.

On remand, the district court must determine the effect of the change in the law which exempts Riverside County from the former blanket prohibition of discrimination in zoning. The court must determine whether the prospective application of the Amendment affects the outcome of this dispute and the nature of the relief to be awarded, if any. The court must also determine whether Plaintiff escapes application of the Amendment by having filed suit before its enactment.

Finally, the remaining legal questions not answered by the district court must also now be answered on remand. The court in fashioning relief failed adequately to acknowl-

edge other California statutes that implicitly allow senior-only zoning. *See, e.g.,* California Fair Employment and Housing Act, Cal. Gov.Code § 12920–12955.9 (West 1994); California Government Code § 65852.1 (West Supp.1997); Health and Safety Code § 18300(g)(1) (West Supp.1997); the 1996 amendment to the Unruh Civil Rights Act, Cal. Civ.Code §§ 51–51.12 (West Supp.1997). Both state and federal law *permit* senior-only housing under certain conditions. *See, e.g.,* Fair Housing Act, 42 U.S.C. §§ 3601–3631 (1994). In fact, and as the district court itself acknowledged, senior citizen housing developments under the right conditions serve a valid social and legislative purpose. The sweeping injunction is inconsistent with this allowance. Thus, because the injunction as drafted is plainly invalid, we vacate it in its entirety.

REVERSED and REMANDED.