NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

HJ VENTURES, LLC, *Plaintiff/Appellant*,

*v.*

MANLIO CANDELARIO, et al., *Defendants/Appellees*.

No. 1 CA-CV 23-0331
FILED 2-6-2024

Appeal from the Superior Court in Maricopa County
No. TJ2023-000053
The Honorable Gary L. Popham, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Southwest Legal Associates, Mesa
By Garren R. Laymon
*Counsel for Plaintiff/Appellant*

Manlio Candelario, Maxwell, TX
*Defendant/Appellee*

Carmax Enterprise Services, LLC, Richmond, VA
*Defendant/Appellee*

---

## MEMORANDUM DECISION

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Daniel J. Kiley and Judge D. Steven Williams joined.

---

**C A T T A N I**, Judge:

¶1　　　　Creditor HJ Ventures, LLC appeals the superior court's judgment overruling its Objection to Nonexempt Earnings Statement ("Objection").  HJ Ventures contends that a recently amended statute that lowers the amount of disposable earnings that may be garnished by a creditor does not apply to a debt for which there was a judgment prior to the effective date of the amended statute.  We agree with the superior court that the new version of the statute applies to any garnishment proceedings initiated after the effective date of the statute.  Accordingly, and for reasons that follow, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2　　　　HJ Ventures is a creditor that obtained a default judgment against Manlio Candelario in 2016.  The record does not indicate the basis for that judgment.

¶3　　　　In December 2022, Proposition 209 took effect, amending Arizona's wage garnishment statute, A.R.S. § 33-1131, to reduce the percentage of a debtor's wages subject to garnishment.  Section 33-1131(B) now reads:

> the maximum part of the disposable earnings of a debtor for any workweek that is subject to process *may not exceed ten percent of disposable earnings* for that week or the amount by which disposable earnings for that week exceed sixty times the applicable minimum hourly wage in effect at the time the earnings are payable, whichever is less.

(Emphasis added.)  Under the previous version of the statute, 25% (rather than 10%) of a debtor's disposable earnings were subject to garnishment.  *See* 2022 Prop. 209, § 6 (initiative measure approved Nov. 8, 2022).

¶4　　　　In February 2023, HJ Ventures filed an garnishment application, and the superior court issued a writ of garnishment to

Candelario's employer, CarMax Enterprise Services, LLC, naming CarMax as the garnishee. In its answer, CarMax admitted it employed Candelario and would owe him earnings after the date of the service of garnishment. CarMax indicated that it would withhold 10% of Candelario's disposable earnings.

**¶5** HJ Ventures objected, requesting that CarMax be required to withhold 25% of Candelario's disposable earnings based on the previous version of A.R.S. § 33-1131(B). HJ Ventures asserted that the new version of the statute applied only to judgments obtained after the effective date of Proposition 209. Neither Candelario nor CarMax responded.

**¶6** In the meantime, HJ Ventures submitted a proposed order directing CarMax to withhold 15% of Candelario's disposable earnings, which the superior court signed. The court subsequently realized that HJ Ventures had filed an objection and thus set a hearing.

**¶7** Neither Candelario nor CarMax appeared at the hearing. HJ Ventures argued that the new version of § 33-1131(B) does not apply to Candelario's debt because the 2016 judgment against him predated the effective date of the new law. The superior court rejected HJ Ventures' argument, finding that CarMax was "obligated to apply the law in effect at the time of service of the Writ of Garnishment"; thus, only 10% of Candelario's disposable earnings were subject to garnishment. The court then vacated its previous order and directed HJ Ventures to submit an amended order requiring 10% withholding.

**¶8** The court entered the amended order, and HJ Ventures timely appealed. We have jurisdiction under A.R.S. § 12-2101(A)(1).

### DISCUSSION

### I. Applicability to Non-Residents.

**¶9** Preliminarily, HJ Ventures contends that the exemption provided by § 33-1131(B) does not apply to Candelario because he is a Texas resident. But HJ Ventures has waived this argument on appeal by failing to raise it in the superior court. *See Roebuck v. Mayo Clinic*, 256 Ariz. 161, 166, ¶ 16 (App. 2023). Moreover, HJ Ventures is seeking to garnish wages from an Arizona employer, and HJ Ventures cites no controlling authority for its assertion that Arizona's garnishment statutes do not apply to an Arizona garnishee, regardless of the residency of the debtor.

## II.     Prospective Applicability of Amended § 33-1131(B).

¶10          HJ Ventures argues that the saving clause of Proposition 209 precludes retroactive applicability of the new statute.  The saving clause provides:

> This act applies prospectively only.  Accordingly, it does not affect rights and duties that matured before the effective date of this act, contracts entered into before the effective date of this act or the interest rate on judgments that are based on a written agreement entered into before the effective date of this act.

*See* 2022 Prop. 209, § 10.  HJ Ventures asserts that Candelario's debt predated Proposition 209, so the new version of the statute cannot be invoked.

¶11          We review the interpretation of statutes de novo.  *Premier Physicians Grp., PLLC v. Navarro*, 240 Ariz. 193, 194–95, ¶ 6 (2016).  We interpret statutes according to the drafters' intent, and the plain language of the statute is the best indicator of that intent.  *Fragoso v. Fell*, 210 Ariz. 427, 430, ¶ 7 (App. 2005).  Here, HJ Ventures' argument fails for two reasons.

¶12          First, a garnishment proceeding is a separate action from the underlying debt.  *Davis v. Chilson*, 48 Ariz. 366, 370 (1936); *see also Bennett Blum, M.D., Inc. v. Cowan*, 235 Ariz. 204, 207, ¶ 13 (App. 2014) ("Garnishment proceedings are . . . 'treated in all respects . . . as an original independent action' from the underlying lawsuit.").  And Arizona courts have consistently held that "a judgment against a garnishee is dependent upon the situation at the time the writ of garnishment is served."  *Reeb v. Interchange Res., Inc. of Phx.*, 106 Ariz. 458, 459 (1970); *see also Able Distrib. Co. v. James Lampe, Gen. Contractor*, 160 Ariz. 399, 402 (App. 1989) ("In order to determine the liability of the garnishee, a court must look to the facts as they were found to exist at the time the writ was served.").

¶13          The superior court issued the writ of garnishment in February 2023, after Proposition 209 took effect.  The garnishment proceeding was a separate action even though it was based on a 2016 judgment.  Accordingly, the court correctly applied the new version of § 33-1131(B) even though Candelario's debt arose from a pre-Proposition 209 judgment.

¶14          Second, the conditions necessary to invoke the saving clause are not present in this case.  The "rights and duties" at issue here are those

affecting the garnishee, and those rights and duties did not come into existence until the writ of garnishment issued in February 2023. Nor is there a contractual agreement addressing the amount of money to be garnished or the interest rate to be charged on a judgment. Thus, the saving clause does not apply. Accordingly, the court did not err by ordering CarMax to withhold 10% of Candelario's disposable earnings under the amended statute.

## III.    Alleged "Overreach" by Superior Court.

¶15        HJ Ventures also argues that the superior court's overruling of its objection constituted judicial "overreach" because the court purportedly raised a non-jurisdictional defense sua sponte on behalf of Candelario and CarMax. But rather than raising defenses on behalf of the absent parties, the court correctly engaged in an analysis of the merits of HJ Ventures' objection. The court's ruling did not constitute "overreach."

## CONCLUSION

¶16        For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:   AA